AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:22-cv-_____-____

**Benjamin Carlton,**

      **Plaintiff,**

v.

**Vigilant Tiger Security LLC,**
**Donald Hamilton,** an individual, and **Natalie Hamilton,** an individual,

      **Defendants.**

## COMPLAINT

### INTRODUCTION

1. Plaintiff Benjamin Carlton ("Plaintiff") worked for Vigilant Tiger Security LLC as a security guard for a short period of time, from January 5, 2022 to January 15, 2022. He was not paid for any of his time worked and was not provided with rest or meal breaks.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Vigilant Tiger Security LLC, and its principals, Donald ("Donny") and Natalie Hamilton, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

3. Plaintiff also brings conversion claims based on Defendants' failure to pay him at all for his time worked.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendants' business address is 1155 Kelly Johnson Blvd, Ste 111, Colorado Springs, CO 80920, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Vigilant Tiger Security LLC**

7. Defendant **Vigilant Tiger Security LLC** (hereinafter "Vigilant Tiger") is a limited liability company doing business within El Paso County, whose principal place of business is located at 1155 Kelly Johnson Blvd, Ste 111, Colorado Springs, CO 80920, CO. Its registered agent is listed with the Colorado Department of State as Natalie S. Hamilton at the same address.

8. Vigilant holds itself out as offering trained and professional security services for any security needs.

9. At all relevant times, Defendant had annual gross revenues in excess of $500,000.

10. Though not privy to details of Defendants' financial records, Plaintiff estimates that Defendants have about 15 employees at any given time. If each of them was paid $40,000 a year that would be $600,000, so in order to pay that many employees he company would logically have to be bringing in more than $500,000 each year.

11. At all relevant times, Defendant was engaged in interstate commerce and/or the production

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 2

of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Defendant Vigilant Tiger purchases supplies, equipment, and other necessary items to run its security company and serve its customers from out of state vendors selling such supplies and equipment originating outside the state of Colorado. Further, Defendant Vigilant Tiger advertises its security services on the internet at https://vigilanttiger.com/, and on Facebook at https://www.facebook.com/vigilanttiger/. Agents of Vigilant Tiger also accept payments, place orders, and otherwise conduct business by telephonic and/or online means, often entailing communications with companies or individuals out of state.

13. Defendants' customers include major large businesses. For example, while working for Vigilant, Plaintiff was stationed at a U-Haul location (whose nationwide business is of a very interstate nature) and at a casino.

14. At all times material to this action, Defendant was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendants Donald and Natalie Hamilton**

15. Defendant Donald ("Donny") Hamilton, an individual, resides in Colorado Springs, Colorado, upon information and belief.

16. Defendant Natalie Hamilton, an individual, resides in Colorado Springs, Colorado, upon information and belief.

17. Donny Hamilton is the owner and founder of Vigilant Tiger. Upon information and belief, he is the President of the company.

18. Natalie Hamilton assists with operations of Vigilant Tiger. She is the registered agent and is believed to be related to Donald Hamilton by blood or marriage.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

19. At all times material to this action, the Hamiltons both actively participated in the business of the company.

20. At all times material to this action, the Hamiltons exercised substantial control over the functions of the company's employees including Plaintiff. For example, Mr. Hamilton had the ability and authority to hire and fire employees (and Ms. Hamilton could at least make recommendations); both participated in paying employees (Mr. Hamilton in terms of determining rates, Ms. Hamilton in terms of participating in running payroll); and both set terms and conditions of employees' work such as scheduling and assignments.

21. At all times material to this action, both Hamiltons were also "employers" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA and CWCA.

**Plaintiff Benjamin Carlton**

22. Plaintiff Benjamin Carlton is a resident of Colorado Springs, Colorado.

23. Plaintiff Carlton worked for Vigilant Tiger as a Security Guard from January 5, 2022 to January 15, 2022.

24. At all times material to this action, Plaintiff Carlton was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

25. While in this position, his rate of pay was $16 per hour, or $23 per hour when he was working at a particular job site (a casino).

26. While working in this capacity, Plaintiff Carlton was expected to record his time worked by using a computer key-in. Upon information and belief, Defendants are in possession of all employees' time records, including Plaintiff's.

27. Plaintiff's standard workweek was Monday through Friday, usually starting at 8:00am and ending at 4:00pm.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 4

28. Defendants did not pay Plaintiff at all for his time worked.

29. Plaintiff generally did not get a meal break of 30 minutes or more relieved of all duties, but Defendants automatically deducted 30 minutes from his work time each day regardless.

30. Plaintiff Carlton did not get *bona fide* rest breaks either.

31. Plaintiff estimates that he performed 1 hour of training ($16), worked 8 hours per day for 5 days at his $16 hourly rate ($640), and worked 8 hours per day for 2 days at his $23 hourly rate ($368). This comes to $1,024 earned wages.

32. Plaintiff is also owed for 50 minutes of break time during each day of work. For his 5 days worked at an hourly rate of $16, this comes to $66.66 in unpaid wages. For his 2 days worked at an hourly rate of $23, this comes to $38.33 in unpaid wages. In total, Plaintiff Carlton is owed $105 in wages for missed break time.

33. Thus, Plaintiff Carlton was not paid earned wages and is still owed $1,129.00.

34. Through counsel Plaintiff issued Defendants letters regarding these owed wages but have not had any response.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

**Failure To Pay Minimum Wage**

36. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

**Improper Automatic Break Deductions When Breaks Not Taken**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 5

37. Defendants' agents regularly deducted time from Plaintiff's time logged (approximately one-half hour per shift) for alleged breaks or mealtimes.

38. Due to the nature of his responsibilities, Plaintiff was rarely able to take a break during shifts.

39. To the extent that Plaintiff Carlton took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

40. As a result of these deductions, Defendants failed to account for all hours Plaintiff actually worked.

### *Record-Keeping Failures*

41. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff Carlton, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based on Good Faith & Entitlement to Damages*

42. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

43. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

44. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 6

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

46. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

47. Plaintiff is Defendants' "employee" as that term is defined by the COMPS Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 et seq.)**

48. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

49. Specifically, Defendants failed to pay plaintiff any wages and automatically deducted time from Plaintiff's pay for breaks that the Plaintiff did not take.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

50. The Defendants failed to pay Plaintiff all his earned wages when due.

51. Specifically, Defendants did not pay Plaintiff at all.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

52. Plaintiff has been separated from employment with Defendants.

53. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1)**

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 7

54. Defendants did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS 7 C.C.R. 1103-1(7).

55. Defendants did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. COMPS 7 C.C.R. 1103-1(8).

***Failure to Pay Wages in Response to Wage Demand***
**(Violation of the C.R.S. § 8-6-109)**

56. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated March 9, 2022.

57. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated March 24, 2022.

58. Plaintiffs mailed an additional letter on March 29, 2022 asking Defendants to communicate with Plaintiff's counsel.

59. Defendants have not tendered full payment of owed wages.

60. More than 14 days have elapsed since March 9, 2022.

61. Therefore, Defendant owes Plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*.)**

62. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 8

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

63. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS 7 C.C.R. 1103-1(12)).

*Damages*

64. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CONVERSION/ THEFT OF SERVICES

65. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

66. Pursuant to COMPS #38, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

67. By failing to pay the Plaintiff all his wages or compensation, Defendants have committed theft of services.

68. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 9

amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)   Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)   Statutory damages as provided for the CWCA; and

(D)   Conversion damages pursuant to CRS § 18-4-405; and

(E)   Interest; and

(F)   The costs of this action together with reasonable attorneys' fees; and

(G)   Such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 25th day of August**, 2022.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
mmelso@andersondodson.com
14143 Denver West Pkwy.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 10

Suite 100-50
Golden, CO 80401

Attorneys for Plaintiff

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Carlton v. Vigilant Tiger Security LLC*
USDC, District of Colorado

Complaint
Page 11

## **VERIFICATION**

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on  8/24/2022  at  Colorado Springs, Co
              (date)           (city or other location, and state)

Benjamin Carlton                         *Benjamin Carlton* (DocuSigned by: F90C105B82EF4DB...)

Printed Name of Plaintiff                Signature of Plaintiff